UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY MERIWETHER,<br><br>             Plaintiff,<br><br>     v.<br><br>MOSQUEDA, et al.,<br><br>             Defendants. | No. 1:25-cv-00284-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF Nos. 2, 6) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on March 6, 2025, along with a motion to proceed in forma pauperis. (ECF Nos. 1, 2.) On March 11, 2025, the Court received Plaintiff's trust fund account statement. (ECF No. 6.)

# I.

# DISCUSSION

**A.     Application to Proceed In Forma Pauperis**

28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's

1

1  "is unable to pay such fees or give security therefor." A prisoner seeking to bring a civil action
2  must, in addition to filing an affidavit, "submit a certified copy of the trust fund account statement
3  ... for the 6-month period immediately preceding the filing of the complaint ... obtained from the
4  appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

5        Plaintiff has filed an application declaring that, due to his poverty, he is unable to pre-pay
6  the full amount of fees and costs for these proceedings or give security therefor, and that he believes
7  that he is entitled to the relief sought in his complaint.  On March 11, 2025, the Court received
8  Plaintiff's prison trust account statement from Corcoran State Prison.  (ECF No. 6.)  The statement
9  provides that as of March 7, 2025, Plaintiff currently has $876.07 to his credit.  Thus, the available
10 balance in Plaintiff's account reflects that he can pay the $405.00 filing fee for this action.

11       Based on the foregoing, the information that Plaintiff has provided to the Court reflects that
12 he is financially able to pre-pay the entire filing fee to commence this action. Although the Ninth
13 Circuit Court of Appeals has held that "the filing fee ... should not take the prisoner's last dollar,"
14 Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995), in these circumstances, it appears Plaintiff
15 has sufficient funds to pre-pay the $405.00 filing fee with money left over.  Should Plaintiff have
16 additional information to provide the Court, or should his available balance change by the time he
17 receives this order, he may notify the Court.  However, the Court has the authority to consider any
18 reasons and circumstances for any change in Plaintiff's available assets and funds. See Collier v.
19 Tatum, 722 F.2d 653, 656 (11th Cir. 1983) (district court may consider an unexplained decrease in
20 an inmate's trust account, or whether an inmate's account has been depleted intentionally to avoid
21 court costs).  Therefore, Plaintiff's motion to proceed in forma pauperis must be denied. If Plaintiff
22 wishes to proceed with this action, Plaintiff must pre-pay the $405.00 filing fee in full.

23 **II.**
24 **ORDER AND RECOMMENDATION**
25     Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly
26 assign a District Judge to this action.
27 ///
28 ///

1   Further, it is HEREBY RECOMMENDED that:

2   1.   Plaintiff motion to proceed in forma pauperis (ECF No. 2) be denied; and

3   2.   Plaintiff be directed to pay the $405.00 filing fee for this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 11, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3